107 N.J. Super. 456 (1969)
258 A.2d 900
THOMAS L. CALDWELL AND ANNE D. CALDWELL, HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,
v.
THE AETNA CASUALTY AND SURETY COMPANY, AN INSURANCE COMPANY AUTHORIZED TO DO BUSINESS IN NEW JERSEY AND VELMA MASON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1969.
Decided November 17, 1969.
*458 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. James H. Smith argued the cause for plaintiffs (Messrs. Reussille, Cornwell, Mausner & Carotenuto, attorneys).
Mr. Carroll A. Morley argued the cause for defendants (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
*459 PER CURIAM.
We reverse for erroneous exclusion by the trial judge of competent and material testimony proffered by plaintiffs on the issue whether the assureds did not in fact understand that the homeowner's policy in question did not afford them workmen's compensation coverage.
We read Gerhardt v. Continental Insurance Cos., 48 N.J. 291 (1966), to hold that a homeowner's policy in form such as this one, while technically not extending workmen's compensation coverage for injury to a domestic employee of the homeowner sustained under circumstances calling for compensation under the workmen's compensation law of this State, will nevertheless be construed to afford such coverage to the generality of purchasers of such policies because of the ambiguity of the policy in that regard to the average lay reader of the policy language. However, the court makes clear that the company's intent not to extend such coverage will be vindicated if prominent notice of absence of the coverage is affixed to the face of the policy or otherwise brought home to the assured (48 N.J., at 298). It is, moreover, implied in the opinion, and indeed a logical corollary of its rationale, that a purchaser of the standard form policy involved in Gerhardt and here, who is affirmatively shown to realize he is not getting compensation coverage in buying the policy, will be held not to obtain it. To that extent we agree with the trial judge and defendant.
However, we do not agree with the trial judge that the typed-in, "(b) does not apply", after the printed verbiage, "Section II Only: * * * (b) Insured employs not more than two full-time residence employees; * * * Exceptions, if any, to (a), (b) or (c):" of the policy, constitutes clear notice to the assureds that they are not getting compensation coverage. This would more naturally mean that the assureds could have more than two such employees without impairing whatever coverage the policy affords (or without being subject to rerating).
Nor do we regard it as of any materiality that the domestic employee in this case was injured off rather than on *460 the premises. The assureds' possible ignorance of the incidence of workmen's compensation liability as to an accident to an employee sustained in the course of employment off the residence premises will not operate to negate Gerhardt-type coverage if the assurds did not know that the policy did not actually afford compensation coverage as such.
The assureds did proffer proof, excluded by the trial judge, which in our view had at least some probative value on the issue of their state of mind as to whether they had coverage to protect themselves from any liability they might sustain as a result of an accident sustained by a domestic while working for them. This was that an employee of the realty and insurance concern which plaintiffs engaged to find them a home, and, upon the occasion of the closing of title, to provide them with insurance, was told by the husband-assured that a full-time domestic would be living in the house and that the insurance should include "everything [he] needed." It is inferable from this, if believed, that when the assureds received the policy they thought they were covered for liability of any kind in respect of accidents to the domestic. Cf. Gerhardt, supra, 48 N.J., at 298. ("She might not know anything at all about the difference between a common-law liability claim and a workmen's compensation claim but would expect coverage in either event.")
It should be noted that the legal materiality of the foregoing is not necessarily dependent upon whether the agency with whose representative the assured had the conversation mentioned was the agent of the insurance company rather than of the assured in the transaction of issuance of the policy. The question here is not whether the agency was authorized by defendant to issue workmen's compensation coverage or whether defendant is chargeable with notice of the conversation mentioned, but rather whether the assured, in buying this particular policy, knew that he was not thereby obtaining coverage of that scope. The conversation, if credible, is some evidence of his state of mind on the subject regardless *461 of whose agent the agency was in transacting the business.
Defendant argues that the testimony of its investigator as to his conversation with the husband-assured two weeks after the accident (occasioned by its automobile liability coverage of the other party to the automobile accident in which the domestic was injured) demonstrates conclusively, because it stood uncontradicted, that the assureds knew the instant policy gave them no compensation coverage. This was that he asked the assured whether he "carried Workmen's Compensation coverage which would be available to [the domestic]" and that he answered that "he had none." However, this conversation is not conclusive on the issue. It may possibly have meant that the assured had no workmen's compensation policy as such. Or it may have meant he had none that he knew of. Neither of these permissible inferences is necessarily inconsistent with the thesis of coverage via Gerhardt. As noted above, the most that Gerhardt may be read to imply in favor of the insurer in this regard is that the standard homeowner's form will not be held to give workmen's compensation coverage to a purchaser who is shown affirmatively to realize when buying it that the policy does not provide such coverage.
Defendant argues that there is no proof that plaintiffs read the policy, and that Gerhardt gives no compensation coverage to a purchaser of a standard homeowner's policy who does not actually read the policy, as he does not meet the asserted rationale of that decision that the assured has in fact been misled by the ambiguities and complexities of the policy. We do not agree that Gerhardt can be thus qualified. Most insurance purchasers do not read the fine print of their policies beyond the cover and face sheets. Cf. Gerhardt, 48 N.J., at 299 (top paragraph). It was not affirmatively shown that the plaintiff in Gerhardt had read her policy. Yet she recovered. The implicit rationale of the case is that ordinarily the company should be bound by the impression as to coverage which the average purchaser would gain from such *462 inspection of the policy as he would be likely to make. Compare Bauman v. Royal Indem. Co., 36 N.J. 12, 25 (1961).
Defendant further contends that it is illegal in this State for an insurance policy to combine workmen's compensation coverage for domestic employees with homeowner's insurance, or for policies extending workmen's compensation coverage not to contain standard language promulgated by the Department of Banking and Insurance. Enforcement of liability to plaintiffs in this case is thus argued to effect an illegal result. The contention seems to us to lack merit, and a similar position was rejected by Judge Gaulkin, then sitting in the Law Division, in Gunther v. Metropolitan Cas. Ins. Co., 33 N.J. Super. 101 (1954). One who exacts a premium for a policy judicially determined to fairly import workmen's compensation coverage to the average purchaser should not be heard to seek refuge from liability therefor in the argument that by making the contract he has violated laws regulative of the insurance industry.
The case should be retried in a manner consistent with the foregoing expressions. The issue for resolution at retrial has been stated hereinabove. The burden of proof on that issue will be on the defendant, as we read Gerhardt to impose prima facie liability for compensation coverage upon a company issuing a homeowner's policy in the form used there and here, absent another outstanding policy covering the assured specifically for workmen's compensation liability as such.
Reversed; no costs on this appeal.