173 N.J. Super. 256 (1980)
414 A.2d 34
DONNA L. FOLEY, PLAINTIFF-APPELLANT,
v.
WILLIAM FOLEY, DEFENDANT, AND STATE FARM FIRE AND CASUALTY COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1980.
Decided April 15, 1980.
*257 Before Judges FRITZ, KOLE and LANE.
Frederick R. Grayer argued the cause for appellant (Kent, Grayer & Rosenberg, attorneys; Frederick R. Grayer, of counsel and on the brief).
William R. Powers, Jr., argued the cause for respondent (Moss, Powell & Powers, attorneys; William R. Powers, Jr., on the brief).
PER CURIAM.
Plaintiff instituted suit against her husband and the parties' homeowners' policy insurance company to recover damages for injuries which she received either as the result of the negligence of the husband or an assault committed by him upon her. The complaint alleged that husband and wife were named insureds in the policy and that the policy was in full force and effect upon the date plaintiff sustained her injuries. Defendant insurance company's motion for summary judgment was granted. Plaintiff appeals by leave of court. We affirm.
The face sheet of the policy shows that it is in two sections, Section II covering personal liability and medical payments. There is nothing on the face sheet showing the coverage provisions for Section II. Section II begins towards the bottom of page 6 and provides under Coverage E that the company will *258 pay on behalf of the insured "all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence." Coverage F provides that the company will pay all reasonable medical expenses to each person who sustains bodily injury "to which this insurance applies caused by an accident, ...." Exclusions appear on page 7 of the policy commencing one-third of the way down. The exclusions are in bolder type than the rest of the policy. The word "EXCLUSIONS" appears in the middle of the page and is in larger type than any text provision of the policy. In smaller type, but still larger than the text type, there appears the clause, "THIS POLICY DOES NOT APPLY:". This clause is followed by seven exclusions applicable to both Coverages E and F. Exclusion 1(g) states in capital letters in type larger than the text type of the policy:
TO BODILY INJURY TO ANY INSURED WITHIN THE MEANING OF PARTS (1) AND (2) OF DEFINITION OF INSURED.
Plaintiff argued to the trial judge that the exclusion was void as against public policy. She based her argument on Merenoff v. Merenoff, 76 N.J. 535 (1978). That decision established that a claim of a husband or wife for damages for personal injuries arising from a domestic or household accident attributable to the negligence of the other spouse is not barred by the doctrine of interspousal tort immunity. Plaintiff argues that if the exclusion is allowed, "then STATE FARM has effectively destroyed the rationale involved in all immunity cases that there would be no disruption of the family unit or family harmony because the ultimate responsible party is the insurance carrier." A decision by a court that there can be liability for a tort action cannot be construed as a holding that public policy requires the responsible party to be covered by insurance or that an insurance company *259 cannot exclude liability for that particular action. As pointed out in Bertler v. Employers Ins. of Wausau, 86 Wis.2d 13, 271 N.W.2d 603 (Sup.Ct. 1978):
`Public policy' is no magic touchstone. This State has more than one public policy. Another and countervailing public policy favors freedom of contract, in the absence of overriding reasons for depriving the parties of that freedom. Still another public policy favors the enforcement of insurance contracts according to their terms, where the insurance company accepts the premium and reasonably represents or implies that coverage is provided. Cf., Price v. Hartford Accident & Indemnity Co. [108 Ariz. 485], 502 P.2d [522] at 524. [271 N.W.2d at 609, quoting from Cieslewicz v. Mutual Service Cas. Ins. Co., 84 Wis.2d 91, 103, 267 N.W.2d 595, 601 (Sup.Ct. 1978)]
See, also, Everglades Marina v. American Eastern Dev., 374 So.2d 517 (Fla.Sup.Ct. 1979); National Producers Life Ins. Co. v. Rogers, 8 Ariz. App. 53, 442 P.2d 876 (App.Ct. 1968).
Cases such as Selected Risks Ins. Co. v. Nationwide Mut. Ins. Co., 133 N.J. Super. 205 (App.Div. 1975), and Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405 (App.Div. 1970), are not applicable. Those cases involve automobile policies for which the Legislature establishing the public policy of this State has provided for certain coverage. All automobile policies must comply with the legislative declaration. Such is not true in a homeowners' policy. There is no statutory requirement that an individual obtain a homeowners' policy. We are advised that some homeowners' policies do not contain the exclusion that is in this policy. Undoubtedly the premiums for such policies are higher than the premium for the policy at issue here. Cf., Last v. West American Ins. Co., 139 N.J. Super. 456 (App.Div. 1976); Petronzio v. Brayda, 138 N.J. Super. 70 (App.Div. 1975).
There is no public policy that requires a homeowner to obtain an insurance policy protecting him against actions that might be brought against him by anybody and no public policy mandating that a homeowner cannot protect himself against *260 actions brought against him by others but not purchase additional coverage for protection against actions brought by persons who are named insureds under the policy.
On appeal plaintiff further argues that the insurance policy in question "did not reasonably alert plaintiff that members of her family were excluded from coverage under the liability section." She relies on Gerhardt v. Continental Ins. Cos., 48 N.J. 291 (1966), and Caldwell v. Aetna Cas. & Sur. Co., 107 N.J. Super. 456 (App.Div. 1969). Both of those cases are inapposite. Here the policy is perfectly clear. The coverage provisions and the exclusions are written one following the other. The exclusions are in bolder type so that one reading the policy will have his attention brought to the terms of the exclusions. The exclusion itself is plain and unambiguous.
The judgment is affirmed.