273 N.J. Super. 548 (1994)
642 A.2d 1040
VARSAVIA WEITZ, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1994.
Decided June 1, 1994.
*549 Before Judges R.S. COHEN, D'ANNUNZIO and WALLACE.
Martin B. Wallerstein argued the cause for appellant (DiRienzo, Wallerstein & Fellman, attorneys; Mr. Wallerstein, on the brief).
Joan M. Schwab argued the cause for respondent (Saiber Schlesinger Satz & Goldstein, attorneys; David J. D'Aloia, of counsel, and Ms. Schwab, on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff Varsavia Weitz filed suit against her husband for bodily injuries allegedly caused by his negligent operation of a motor vehicle. She also sought a declaratory judgment requiring defendant Allstate Insurance Company ("Allstate") to cover her husband under his excess liability ("umbrella") policy for any damages awarded for her injuries in excess of his automobile insurance policy coverage. The Law Division below held that plaintiff could not recover under her husband's excess liability policy. She appealed; we affirm.
Mr. Weitz was the named insured under a personal umbrella policy issued by Allstate.[1] Under a section entitled "General Exclusions  When This Policy Does Not Apply" the policy states "this policy will not apply ... to personal injury to an insured." (bold in original). In the policy's definition section, "insured" is defined as including "relatives living in your household." (bold in original).
*550 In a letter opinion accompanying the order dismissing plaintiff's complaint against Allstate, the judge explained:
The terms and conditions are clearly articulated in the personal umbrella policy. The policy is written with many of the terms and topic headings in bold print to accentuate policy exclusions....
[I]t is important to recognize the distinction between an automobile policy [and] an umbrella policy.... The former is mandated by and subject to strict statutory regulation.... [An] umbrella policy is not subject to such regulation. It is additional coverage not required for the purpose of auto insurance. While it is well established that automobile liability insurance is statutorily required and that any deviation therefrom would be in contravention with the public policy of New Jersey mandating auto insurance. Conversely, umbrella policies are not required. Any additions, exclusions, or other conditions of such policy does not contravene public policy in New Jersey....
Plaintiff contends that an ordinary insured would reasonably assume that the umbrella policy provided coverage against claims arising out of injuries to household members.[2] Not so. The policy states that coverage will not extend to a claim for personal injury to "an insured." The policy specifically and clearly defines "an insured" as including members of Mr. Weitz's household. Plaintiff is a member of Mr. Weitz's household. We perceive nothing ambiguous about the policy's exclusion provision. Some authorities say that, if an insurance policy contains no genuine ambiguity, the courts may "not engage in a strained construction to support the imposition of liability," or "write for the insured a better policy of insurance than the one purchased." Longobardi v. Chubb Ins. Co. of New Jersey, 121 N.J. 530, 537, 581 A.2d 1257 (1990). See also, State v. Signo Trading Intern., Inc., 130 N.J. 51, 62, 612 A.2d 932 (1992). Others say that a policy, no matter how clearly worded, will not be interpreted in a way that would disappoint the insured's reasonable expectations. Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 175, 607 A.2d 1255 (1992).
*551 It is not easy to reconcile the two positions. They might agree, however, that satisfying the insured's reasonable expectations does not require a court to follow the notions of the least common insurance customer regarding the contents of an umbrella insurance policy. This is not a policy bought by everyone, like an auto or homeowners' policy. Instead, it provides added areas of insurance for the particularly cautious person. The policy should not be read as simply an endorsement to basic policies to raise their dollar limits. It provides coverages unavailable in auto and homeowners' policies, for example, for defamation, malicious prosecution, false arrest, invasion of privacy, and violation of civil rights. As its coverages depart from auto and homeowners' policies, it should not be a surprise that its exclusions are also different.
Plaintiff argues that the exclusion in Allstate's policy is ambiguous because it appears on page 9 of the policy and does not explicitly cross-reference to the policy's definition section, appearing on 2 of the policy, to clarify who is excluded from coverage. We disagree. The defined terms that appear in the exclusion provision are in bold print. Moreover, an exclusion is not rendered ambiguous merely because the definitions appear on one page and the exclusions appear on another. See State Farm Gen. Ins. Co. v. Emerson, 102 Wash.2d 477, 687 P.2d 1139, 1144 (1984) ("The fact that a policy is long, and that pertinent language is not contained on a single page, does not, in itself, render the policy structurally ambiguous.")
Plaintiff contends that because her husband's primary automobile insurance policy could not have excluded coverage for claims brought by members of his household, see N.J.S.A. 39:6A-3 to -4, he would reasonably assume that his personal umbrella policy could not have contained such an exclusion. We disagree.
The Legislature has not required automobile insureds to purchase umbrella policies; and there is no legislation dictating the parameters of coverage contained in such policies. Unlike his underlying automobile policy whose scope is defined by statute, Mr. Weitz's umbrella policy is defined by the policy's plain language, *552 unencumbered by the statutory requirements for automobile insurance. Plaintiff suggests no compelling reason to tack onto one form of insurance the statutory requirements governing another. See Horesh v. State Farm Fire & Cas. Co., 265 N.J. Super. 32, 37, 625 A.2d 541 (App.Div. 1993) ("In the absence of any statutory or substantial public policy requirement to cover liability for an insured's injury, a homeowner's insurance policy may exclude such liability from coverage," even where such an exclusion could not be enforced if contained in an automobile liability insurance policy); Stiefal v. Bayly, Martin and Fay, 242 N.J. Super. 643, 577 A.2d 1303 (App.Div. 1990) (no public policy or statute requires uninsured motorist coverage to be read into an umbrella policy as it could be read into the primary automobile insurance policy); Foley v. Foley, 173 N.J. Super. 256, 414 A.2d 34 (App.Div. 1980) (homeowners policy cannot be equated with automobile policy to invalidate exclusion for intra-family torts). The unambiguous exclusion set forth in Allstate's umbrella policy must be enforced as written.
Affirmed.
NOTES
[1] The parties agree that an automobile liability policy issued to Mr. Weitz by Allstate is available for the damage claims made against him by his wife.
[2] Plaintiff's claim is based solely on the words of the policy, and there is no assertion that Allstate's agents and employees violated a duty to inform or advise, or that plaintiff's family would have purchased an auto policy with greater liability coverage if they knew of the intra-family tort exclusion in the umbrella policy.