■ LINA M. PFOH, Appellant, v ELECTRIC INSURANCE COMPANY, Respondent, and ARMIN PFOH, Appellant. [788 NYS2d 441]—

Rose, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered April 21, 2004 in Schenectady County, which, inter alia, granted defendant Electric Insurance Company's motion for summary judgment dismissing the complaint against it and made a declaration in its favor.

Plaintiff brought an action to recover for personal injuries she sustained while a passenger in a car owned by her father, defendant Armin Pfoh, and driven with permission by Celia Ganey. At the time, Pfoh had an automobile liability insurance policy providing primary coverage of $100,000/$300,000. He also had an excess liability policy issued by defendant Electric Insur-

ance Company (hereinafter defendant) providing umbrella coverage of $3,000,000. When Pfoh notified defendant of a potential claim for plaintiff's injuries, defendant disclaimed coverage because its policy specifically excluded coverage for injuries to a resident relative of a named insured. Plaintiff then commenced this action seeking a declaration that defendant is obligated to indemnify Pfoh in her personal injury action. Defendant moved for summary judgment dismissing the complaint against it, citing the policy's exclusion. Plaintiff opposed the motion, arguing that the resident-relative exclusion is invalid as against public policy and inapplicable because an unrelated person had operated the vehicle. Supreme Court granted defendant's motion and dismissed the complaint against it.

Inasmuch as Pfoh's primary automobile liability insurance provided coverage as required by law and no statute required him to carry the additional amount provided by defendant, we cannot agree with plaintiff that the resident-relative exclusion in defendant's policy violates the legislative intent and public policy underlying the liability insurance coverage for motor vehicles mandated by Vehicle and Traffic Law § 311 (4) (a) and 11 NYCRR 60-1.1 (c) (2) (*see Mills v Liberty Mut. Ins. Co.,* 30 NY2d 546, 547-548 [1972]; *Progressive Northeastern Ins. Co. v Motors Ins. Co.,* 288 AD2d 363, 364 [2001], *lv denied* 98 NY2d 608 [2002]; *Suba v State Farm Fire & Cas. Co.,* 114 AD2d 280, 284 [1986], *lv denied* 67 NY2d 610 [1986], *appeal dismissed* 68 NY2d 665 [1986]; *Davis v De Frank,* 33 AD2d 236, 239-242 [1970], *affd* 27 NY2d 924 [1970]). In other words, insurers are prohibited from limiting their contractual liability only as to statutorily mandated coverage (*see Slayko v Security Mut. Ins. Co.,* 98 NY2d 289, 295 [2002]).

The holding in *Allstate Ins. Co. v Aetna Cas. & Sur. Co.* (191 AD2d 665 [1993], *lv denied and dismissed* 82 NY2d 744 [1993]) does not lead to a contrary conclusion because there, unlike here, the vehicle owner's umbrella liability policy did not include a permissive operator of the vehicle as an insured. Since the statutory and regulatory provisions mandating that permissive operators be insured apply to all automobile liability policies, the Second Department held that the operator was covered as an insured under that policy (*id.* at 666-667). Here, there is no dispute that Ganey is an insured under Pfoh's umbrella policy and no statute mandates coverage for injuries in excess of the amounts provided by Pfoh's primary liability policy. Thus, the resident-relative exclusion here does not offend public policy.

We also find no merit in the alternate contention by plaintiff and Pfoh that the resident-relative exclusion in defendant's

policy is inapplicable because plaintiff was not related to the operator of the vehicle in which she was riding. By clear and unambiguous language, the insurance policy issued to Pfoh states that it does "not provide Liability Coverage for *any insured* . . . for personal injury to you [the named insured] or your relative" (emphasis added). There can be no dispute that Pfoh is the named insured, plaintiff is Pfoh's daughter and a resident of his household, and the exclusion extends to any insured, including an additional insured such as Ganey. Accordingly, the lack of a family relationship between Ganey and plaintiff is irrelevant to the issue of coverage.

Finally, we have considered the remaining arguments raised by plaintiff and Pfoh regarding the policy's failure to specifically exclude indemnification for the actions of Ganey and defendant's alleged failure to notify Pfoh or Ganey of its disclaimer, and find them to be either unpreserved or unsupported by the record. Thus, Supreme Court correctly concluded that the policy exclusion is valid and applicable.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.