50 A.3d 52

SWARNLATA KHANDELWAL, SHRUTI KHANDELWAL BY PAR-
ENT AND NATURAL GUARDIAN, SWARNLATA KHANDEL-
WAL, AND SHREYA KHANDELWAL, BY PARENT AND NATU-
RAL GUARDIAN, SWARNLATA KHANDELWAL, PLAINTIFFS–
APPELLANTS, v. ZURICH INSURANCE CO., HARVAN RENT-
ALS, INC., D/B/A BUDGET OF NORTH BRUNSWICK,[1] DEFEN-
DANTS–RESPONDENTS. AND EMPIRE FIRE AND MARINE
INSURANCE COMPANY, MHL RENTS, LLC,[2] AND MICHAEL
H.   LEWIS,   DEFENDANTS–RESPONDENTS/THIRD–PARTY
PLAINTIFFS, v. LALITKUMAR KHANDELWAL, THIRD–PAR-
TY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued November 30, 2011—Decided May 29, 2012.

---

[1] Improperly pled as Budget of North America.

[2] Improperly pled as MHL Rentals, LLC.

Before Judges CUFF, LIHOTZ, and WAUGH.

*Edward Slaughter, Jr.*, argued the cause for appellants (*Pellettieri, Rabstein and Altman*, attorneys; *Mr. Slaughter*, on the brief).

*Gregory S. Pennington* argued the cause for respondents Zurich Insurance Co. and Empire Fire and Marine Insurance Company (*White Fleischner & Fino, LLP*, attorneys; *Mr. Pennington*, on the brief).

*Edward T. Kole* argued the cause for respondents Harvan Rentals, Inc., d/b/a Budget of North Brunswick, MHL Rents, LLC, and Michael H. Lewis (*Wilentz, Goldman & Spitzer, P.A.*, attorneys; *Mr. Kole*, of counsel and on the brief; *Karin K. Sage*, on the brief).

The opinion of the court was delivered by

WAUGH, J.A.D.

Plaintiffs Swarnlata Khandelwal, Shruti Khandelwal, and Shreya Khandelwal [3] appeal from the October 29, 2010 and January 11, 2011 orders of the Law Division dismissing their claims against defendants Zurich Insurance Company (Zurich), Empire Fire and Marine Insurance Company (Empire),[4] Harvan Rentals, Inc., d/b/a

---

[3] Because the plaintiffs and the third-party defendant share the same last name, we refer to them by their first names for the sake of convenience.

[4] Zurich is the parent of Empire, which issued the policy involved in this case. References to Empire throughout this opinion will include Zurich.

Budget of North Brunswick (Harvan), MHL Rents, LLC (MHL), and Michael H. Lewis (Lewis). We reverse.

## I.

We discern the following facts and procedural history from the record on appeal.

### A.

Third-party defendant Lalitkumar Khandelwal is married to Swarnlata and is the father of Shreya and Shruti, both of whom are minors. On June 29, 2007, Lalitkumar rented a car from Harvan's Budget Rent-A-Car location in North Brunswick so that he could take his wife and two daughters to Niagara Falls. Although Harvan owned the rental agency and trained its staff, it contracted the daily operations of the agency to MHL and Lewis.

At the time of the rental, a female representative at the agency's counter offered Lalitkumar the opportunity to obtain "Supplemental Liability Insurance" (SLI), which provided up to $1 million in coverage. According to Lalitkumar, the woman at the counter recommended that he purchase the SLI policy because he was traveling with his family. However, Lalitkumar conceded that the representative never explicitly told him that the SLI policy would cover claims for injured family members in the event of an accident.

Lalitkumar asserts that he decided to take the SLI policy, in part, because he was traveling with his family and it was his "understanding that [he] would get extra coverage if something happen[ed]." He believed that the SLI policy provided "extra coverage for [him] and [his] family" because he paid "extra money to buy the insurance."

According to Lalitkumar, exclusions to coverage under the SLI policy were not explained when the policy was offered to him, and he was not aware of any exclusions. He concedes, however, that

he did not ask questions about the SLI policy, including questions about exclusions or limitations on the coverage.

When Lalitkumar was given the rental agreement, it was placed in a rental agreement jacket (rental jacket), which contained information about both the basic coverage that came with the rental and the optional SLI coverage he had purchased. He did not, however, read the rental jacket.

While Lalitkumar was driving the rental car to Niagara Falls, he was involved in a head-on collision with another vehicle. Swarnlata, Shreya, and Shruti were seriously injured in the accident. They submitted a claim against Lalitkumar under the SLI policy. Empire disclaimed coverage, asserting that the SLI policy contained an intra-family exclusion that precluded coverage for claims resulting from the injuries sustained by Swarnlata, Shreya, and Shruti.

### B.

Before turning to the procedural history, we outline the facts concerning the documents involved in this case. Lewis and the MHL employees who operated the North Brunswick location were trained by Harvan to sell additional insurance to renters, including SLI coverage. They were provided with a manual that included the terms of the SLI policy, "Highlights" about the policy, and scripted answers to questions customer's might have about the SLI policy. Although the policy language included in the training manual contained a specific exclusion for injuries sustained by family members who reside with the insured, the "Highlights," and the scripted answers in the manual did not mention the intra-family exclusion.[5]

According to Lewis, he and his employees were never directed to tell customers that SLI covered claims by family members. In

---

[5] The policy in the manual also stated that it "automatically conforms to the provisions and/or requirements of any applicable state law."

the event a customer had a question regarding the policy, they were instructed to talk about the benefits of SLI. If a customer had a question regarding exclusions, they were to be directed to the rental jacket and a brochure that was generally placed in the rental jacket along with the rental agreement.

The brochure listed exclusions to the SLI policy, including "[i]njury or property damage to the renter, authorized [drivers], or their family members." It contained a notice that it was "a brief summary only and is subject to all provisions, limitations, and exceptions of the policy issued by Empire Fire and Marine Insurance Company. Upon request, a copy of the policy will be available for review." The brochure also stated that the underlying and SLI policies were "primary to your own policies."[6] The "underlying policy" referred to in the brochure is the basic insurance coverage provided with the rental, which is the minimum coverage required by the state in which any accident occurs.

However, Lewis testified that the brochures were not consistently placed in the rental jackets. He did not know whether Lalitkumar was given one, or even whether they were available at the rental location on the day Lalitkumar rented the car. According to Lalitkumar, he did not receive a brochure.

The first section of the SLI policy includes the following relevant language with respect to coverage:

1. This policy provides excess auto liability insurance and only applies to a "loss" involving "bodily injury" and "property damage" caused by an "accident" and resulting from the use of a covered "rental vehicle."

2. We will indemnify any "insured" for such "loss" in excess of the "underlying insurance" for which this coverage applies during the "coverage period," provided our liability shall apply only to the "ultimate net loss" in excess of such "underlying insurance."

The SLI policy defines "bodily injury" as "bodily injury, sickness or disease sustained by *a person* including death resulting from any of these." (Emphasis added.) It also enumerates

---

[6] The brochure also provided that the policy "automatically conforms to the provisions and/or requirements of any state law."

seventeen exclusions to coverage, including "[l]oss arising out of 'bodily injury' or 'property damage' sustained by any 'insured' or any relative or family member of the 'insured' who resides in the same household."

The terms of the underlying policy were set forth in the rental jacket. Paragraph sixteen provided that, except as required by law, the basic insurance that came with the rental would be secondary to other available insurance, such as the renter's personal automobile insurance policy. Paragraph seventeen, however, provided that, if the renter elected to take SLI coverage, both the basic coverage and the SLI coverage would be primary. Consequently, because Lalitkumar took the SLI policy, the basic and supplemental Empire coverage was primary and Lalitkumar's personal coverage was secondary.

Paragraph sixteen also provided that "unless required by applicable law, we will not provide . . . coverage for bodily injury to you . . . or any member of your family or the driver's family." Paragraph seventeen provided that the SLI coverage would be subject to "the conditions and limitations" found in paragraph sixteen.

## C.

On February 3, 2009, plaintiffs filed a verified complaint against Empire and Harvan, claiming damages resulting from their injuries were recoverable under the SLI policy. On February 5, 2010, following proceedings in New Jersey and New York not relevant to this appeal, their motion to join MHL and Lewis as defendants was granted. Plaintiffs alleged that the new defendants misled Lalitkumar with respect to the extent of the SLI coverage.

After discovery was completed, plaintiffs moved for summary judgment against Empire. Empire filed opposition and cross-moved for summary judgment. The motion judge heard oral argument on October 1, 2010, and, on October 29, entered orders denying plaintiffs' motion and granting Empire's motion. On April 1, 2011, the judge placed a brief oral opinion with respect to his reasons for the October 29 orders on the record. He held that

the intra-family exclusion in the Empire SLI policy was clearly stated, and rejected plaintiffs' argument that it was invalid as against public policy.

In November 2011, Harvan moved for summary judgment, arguing that it did not have a duty to inform Lalitkumar of the terms of the SLI policy and did not mislead him with regard to those terms. MHL and Lewis filed a motion seeking the same relief. On December 17, the judge granted those motions, placing a brief oral decision on the record. He held that Harvan had no duty to disclose the family exclusion to Lalitkumar and that plaintiffs' allegation that Lalitkumar was misled was overly speculative. An order was entered the same day. On January 6, 2011, Harvan, Lewis, and MHL dismissed the cross-claims they had filed against each other.

An amended order with regard to the relationship between Harvan and MHL and Lewis was filed on January 11, 2011. This appeal followed.

## II.

Plaintiffs contend that the motion judge erred in three respects. First, they argue that the intra-family exclusion is per se void as against public policy in New Jersey. Second, they argue that, even if the exclusion is not void, it should not be enforced against them because it was not adequately disclosed. Third, they argue that, even if they are not entitled to coverage from Empire because of the exclusion, they are entitled to the benefit of the insurance because Harvan, MHL, and Lewis engaged in deception by inducing Lalitkumar to purchase the coverage as added protection for his family.

## A.

It is well-established that our review of a trial judge's conclusions of law is de novo. *Manalapan Realty, L.P. v. Twp. Comm. of Manalapan*, 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995) ("A trial

court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."). Consequently, we review a grant of summary judgment de novo, applying the same standard as the trial court under *Rule* 4:46–2(c). *Brill v. Guardian Life Ins. Co. of Am.*, 142 *N.J.* 520, 539–40, 666 *A.*2d 146 (1995); *Chance v. McCann*, 405 *N.J.Super.* 547, 563, 966 *A.*2d 29 (App.Div.2009) (citing *Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.*, 189 *N.J.* 436, 445–46, 916 *A.*2d 440 (2007)).

In addressing a motion for summary judgment, a court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." *Brill, supra,* 142 *N.J.* at 540, 666 *A.*2d 146; *see also R.* 4:46–2(c). Because the motion judge granted summary judgment in favor of defendants, we must construe the facts in the light most favorable to plaintiffs in determining whether defendants were entitled to judgment as a matter of law. *Liberty Surplus, supra,* 189 *N.J.* at 445, 916 *A.*2d 440.

The interpretation of an insurance contract typically raises questions of law. Consequently, it is generally appropriate to resolve such questions on summary judgment. *Adron, Inc. v. Home Ins. Co.,* 292 *N.J.Super.* 463, 473, 679 *A.*2d 160 (App.Div. 1996) (citing *Weedo v. Stone–E–Brick, Inc.,* 155 *N.J.Super.* 474, 479, 382 *A.*2d 1152 (App.Div.1977), *rev'd on other grounds,* 81 *N.J.* 233, 405 *A.*2d 788 (1979)).

When reviewing an insurance policy, a court "should give the policy's words 'their plain, ordinary meaning.'" *President v. Jenkins,* 180 *N.J.* 550, 562, 853 *A.*2d 247 (2004) (quoting *Zacarias v. Allstate Ins. Co.,* 168 *N.J.* 590, 595, 775 *A.*2d 1262 (2001)). If the terms of the insurance policy are clear and unambiguous, the court "should interpret the policy as written and avoid writing a better insurance policy than the one purchased." *Ibid.* (citing *Gibson v. Callaghan,* 158 *N.J.* 662, 670, 730 *A.*2d 1278 (1999)). If

the insurance contract is ambiguous, the policy should be construed in favor of providing coverage for the insured. *Id.* at 563, 853 *A.*2d 247 (citing *Doto v. Russo,* 140 *N.J.* 544, 556, 659 *A.*2d 1371 (1995)).

"In general, insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion." *Princeton Ins. Co. v. Chunmuang,* 151 *N.J.* 80, 95, 698 *A.*2d 9 (1997) (citing *Burd v. Sussex Mut. Ins. Co.,* 56 *N.J.* 383, 399, 267 *A.*2d 7 (1970)). Once an insurer meets the exclusion's threshold, the exclusion is given effect if it is "specific, plain, clear, prominent, and not contrary to public policy." *Doto, supra,* 140 *N.J.* at 559, 659 *A.*2d 1371 (citing *Catton v. N.J. Full Ins. Underwriting Ass'n,* 242 *N.J.Super.* 5, 10–11, 576 *A.*2d 1 (App.Div. 1990)).

## B.

We start our discussion with the observation that the language of the Empire SLI policy clearly and unambiguously sets forth an intra-family exception. Consequently, there is no need to interpret the language of the policy in that regard. We note, however, that there is actually no way for the insured to determine whether the intra-family exclusion is applicable without knowing or referring to the law of the applicable state.

In New Jersey, intra-family exclusions are not per se void as against public policy in all instances. In *Zacarias, supra,* 168 *N.J.* at 601–02, 775 *A.*2d 1262, the Supreme Court enforced such an exclusion in a boatowner's policy. We have upheld such exclusions in homeowner's policies. *Horesh v. State Farm Fire & Cas. Co.,* 265 *N.J.Super.* 32, 38–39, 625 *A.*2d 541 (App.Div.1993); *Foley v. Foley,* 173 *N.J.Super.* 256, 259–60, 414 *A.*2d 34 (App.Div.1980). However, our courts have consistently held that intra-family exclusions are not permitted in the context of an automobile insurance policy. *Zacarias, supra,* 168 *N.J.* at 599, 775 *A.*2d 1262 ("For completeness, we note also that in the automobile insurance context, courts have held intra-family exclusions void, not on the

ground of ambiguity, but because the Legislature's automobile insurance scheme has rendered such provisions violative of public policy." (citing *Kish v. Motor Club of Am. Ins. Co.*, 108 *N.J.Super.* 405, 261 *A.*2d 662 (App.Div.), *certif. denied,* 55 *N.J.* 595, 264 *A.*2d 68 (1970))); *Horesh, supra,* 265 *N.J.Super.* at 36–37, 625 *A.*2d 541 ("Auto policies are mandated, are heavily regulated and are required by law to contain particular coverages. The exclusion of auto injuries to an insured is not permitted by law." (citing *Kish, supra* )).

In *Kish, supra,* 108 *N.J.Super.* at 409–11, 261 *A.*2d 662, we held that a New Jersey automobile insurance policy could not, through exclusions, provide less coverage than that provided by the omnibus coverage clause required by *N.J.S.A.* 39:6–46(a), the then applicable statute. That statute required insurance "against loss from the liability imposed upon the insured or other person by law, for injury to or the death *of a person,* other than a person who is covered, as respects the injury or death, by any workmen's compensation law." [7] (Emphasis added.)

As a result, Lalitkumar is entitled to coverage under the basic insurance coverage that came with the rental agreement. Indeed, the language of paragraph sixteen of the rental jacket recognizes that some of the exclusions may not be enforceable because of the legal requirements of the law in certain states. In *Selected Risks Insurance Company v. Zullo,* 48 *N.J.* 362, 373, 225 *A.*2d 570 (1966), the Supreme Court held that "[a] policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard."

The question then becomes whether an intra-family exclusion is permissible in an automobile insurance policy providing excess

---

[7] *N.J.S.A.* 39:6–46(a) has been replaced by *N.J.S.A.* 39:6A–3, which requires coverage for "loss resulting from liability imposed by law for bodily injury, death and property damage sustained *by any person* arising out of the ownership, maintenance, operation or use of an automobile." (Emphasis added.) Although the wording is not identical, both statutes reflect the same public policy for the purposes of this case.

coverage, even though it is invalid in the underlying policy. Empire argues that it is, citing *Weitz v. Allstate Insurance Company*, 273 *N.J.Super.* 548, 642 *A*.2d 1040 (App.Div.1994).

In *Weitz*, which involved an umbrella policy, we noted the significant distinction between an automobile liability policy, which is subject to extensive regulation and required by statute to provide liability coverage without such an exception, and an umbrella policy, which is not. *Id.* at 551–52, 642 *A*.2d 1040. On that basis, we rejected the plaintiff's contention that, because her husband's primary automobile policy must include coverage for claims brought by members of his household, he would reasonably expect that his umbrella policy would also provide such coverage. *Id.* at 551, 642 *A*.2d 1040. We observed that the Legislature does not require automobile owners to purchase umbrella policies, and consequently does not mandate the type of coverage that must be provided by such policies. *Ibid.*

*Weitz*, however, is not dispositive. The case before us concerns an automobile insurance policy that provides additional or excess coverage as an add-on to the legally-required basic coverage included with the rental agreement, rather than an umbrella policy that covers a variety of risks that need not arise out of the use of an automobile in any way.

In *Kish, supra,* 108 *N.J.Super.* at 411–13, 261 *A*.2d 662, we rejected the insurer's argument that, rather than invalidating the entire intra-family exclusion, we should hold that the intra-family coverage applies only to the minimum amount of liability coverage required by the statute, but not to the higher, optional coverage limits chosen by the insured and contained in the policy. We explained that *N.J.S.A.* 39:6–46(a) "makes no distinction between a policy containing the minimum statutory limits and one embodying higher limits. In either case, a provision limiting the broad omnibus coverage called for by [the statute] would be contrary to law." *Id.* at 412, 261 *A*.2d 662.

In *Willis v. Security Insurance Group*, 104 *N.J.Super.* 410, 411–12, 250 *A*.2d 158 (Ch.Div.1968), *aff'd o.b.*, 53 *N.J.* 260, 250 *A*.2d 129

(1969), an automobile insurance policy, written by Security, covering vehicles owned by an automobile dealer and used with its permission, provided that the coverage would be primary unless the driver of the vehicle had his or her own policy. Allstate, the carrier that had issued the driver's individual policy, asserted that Security's exclusion was invalid. *Id.* at 412, 250 *A.*2d 158. The Chancery Division held that the exclusion was against public policy and void because it was an attempt to limit the omnibus coverage provision of the policy. *Id.* at 414–15, 250 *A.*2d 158.

The Chancery judge explained his reasons as follows:

In [*Zullo* ] an insurance company attempted to limit coverage under its omnibus clause such that persons who drove an insured's car with his permission were protected only if they deviated in no way from the scope of that permission. After discussing the history of the Financial Responsibility Law requiring that persons registering their automobiles must prove financial responsibility either in the form of insurance or by paying an additional registration fee, the Supreme Court of this State decided that the policy behind this law was to be *assured* of "having financially responsible persons available to meet the claims of persons wrongfully injured in automobile accidents." [*Zullo, supra,* 48 *N.J.* at 371, 225 *A.*2d 570]. Limiting an omnibus clause which in any way obstructed this policy would be declared invalid.

Were this as far as the court went in *Zullo,* the limitation of coverage under the omnibus clause in the instant case might well be upheld. For a ruling in favor of Security would in no way deprive persons wrongfully injured from having "financially responsible persons available," nor would they go uncompensated. Indeed, Security's omnibus clause only disclaimed coverage if the permitted driver was covered under his own policy, and then only to the limits of that coverage. However, in ruling that the limited omnibus clause in *Zullo* was invalid, the court went much further than a mere statement of policy. It emphasized the point that this policy dictated that "there may be no departure from the omnibus coverage described in section 46 of the Security–Responsibility Act,...." [*Id.* at 374, 225 *A.*2d 570.]

The court further stated:

"A policy ... must have the broad form omnibus coverage set forth in *N.J.S.A.* 39:6–46(a). A policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard." [*Id.* at 373, 250 *A.*2d 158.]

*N.J.S.A.* 39:6–46(a) specifically requires that a policy shall "insure the insured named therein and *any other person* using or responsible for the use of any such motor vehicle with the express or implied consent of the insured,...." (Emphasis supplied.)

> In light of the foregoing facts and circumstances the court has no alternative then but to hold Endorsement No. 4 invalid and to rule that Security Insurance Company is primarily liable under the policy issued by it to [the dealership]. [*Willis, supra*, 104 *N.J.Super.* at 414–15, 250 *A.*2d 158 (emphasis in original).]

The judge's language was adopted by the Supreme Court when it affirmed on the basis of the Chancery judge's decision. 53 *N.J.* at 261, 250 *A.*2d 129.

In *Allstate Insurance Company v. Malec*, 104 *N.J.* 1, 6, 514 *A.*2d 832 (1986), the Supreme Court outlined its "abiding awareness of some basic principles," including:

> (1) Whenever an insurance policy and a governing statute are in conflict, the statute controls, and the policy is automatically amended by operation of law to conform to the statutory standard. *E.g.,* [*Zullo, supra*, 48 *N.J.* at 373, 225 *A.*2d 570]. (2) Legislation involving automobile insurance must be construed with "liberality in effecting the broadest protection of auto accident victims consistent with the language of the pertinent statute." *Motor Club of Am. Ins. Co. v. Phillips*, 66 *N.J.* 277, 293 [330 *A.*2d 360] (1984[74]). (3) Statutorily mandated coverage cannot be countered by policy provisions that are contrary to the statutory mandates or public policy. *American Home Assurance Co. v. Hartford Ins. Co.*, 190 *N.J.Super.* 477, 485–86 [464 *A.*2d 1128] (App.Div.1983).

The basic coverage provided with the rental agreement in this case is, according to paragraph sixteen of the rental jacket, "the minimum financial responsibility limits required by the law of the jurisdiction in which the accident occurs" and subject to the conditions of a standard automobile policy in that jurisdiction, that is, the applicable omnibus coverage required by law.[8] The SLI policy is also an automobile insurance policy, but it applies only to Lalitkumar's rental car. It is not the type of broad, multipurpose excess coverage provided by a true umbrella policy, such as the one at issue in *Weitz*. Instead, it provides optional coverage above

---

[8] The accident took place in New York State. According to Empire's December 9, 2009 disclaimer letter, the basic policy amount was $25,000/$50,000. In the letter, Empire relied on *Weitz* and *Pfoh v. Electric Insurance Co.*, 14 *A.D.*3d 777, 788 *N.Y.S.*2d 441, *leave to appeal denied*, 4 *N.Y.*3d 711, 798 *N.Y.S.*2d 724, 831 *N.E.*2d 969 (2005), for the proposition that the intra-family exclusion was enforceable with respect to the SLI policy. Like *Weitz*, *Pfoh* involved an umbrella policy. The parties have argued this appeal on the basis of New Jersey law without raising an issue of choice of law. Consequently, we also consider only New Jersey law.

the statutorily required minimum, similar to the higher, optional coverage limits chosen by the insured in *Kish*. In this case, however, the coverage has been broken into two policies, whereas in *Kish* there was a single policy.

We conclude that the structuring of the rental coverage into two separate, but interrelated policies, is simply a device intended to provide "more restrictive omnibus coverage," something our courts have routinely disallowed in the context of automobile insurance. Quite tellingly, the rental jacket accurately reflects the reality of the situation:

> [If SLI is accepted], the coverage provided by us according to paragraph 16 above will be primary [9] and the combined limits of liability protection will be $1,000,000 for each person for bodily injury, death, or property damage, but not more than $1,000,000 for each accident, instead of the basic limits stated in paragraph 16 above.

A renter who opts for the SLI policy receives "combined limits ... instead of the basic limits." We hold, therefore, that plaintiffs' claims against Lalitkumar are covered by the SLI policy, the provisions of which are automatically amended to comply with New Jersey law.

In light of our decision, we need not reach the issues raised with respect to the reasonable expectation of the insured and plaintiffs' claims against Harvan, MHL, and Lewis. Nevertheless, we observe that if the disposition of this appeal turned on those issues, summary judgment would be inappropriate because there is a genuine issue of material fact with respect to whether the sales representative suggested that Lalitkumar obtain the SLI coverage because he was traveling with his family.

Consequently, we reverse the October 29, 2010 order and remand to the Law Division for further proceedings consistent with this opinion.

Reversed and remanded.

---

[9] In this context, the word "primary" negates the provision in paragraph sixteen that the coverage is secondary.