## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 12, 2015                    520719
_____

WILLIAM HARRELL et al.,
                    Appellants,

            v                              MEMORANDUM AND ORDER

STATE FARM INSURANCE COMPANY,
                    Respondent.
_____


Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____


        Rusk Wadlin Heppner & Martuscello, LLP, Kingston
(Christopher R. Kraft of Dall Vechia & Kraft, PC, of counsel),
for appellants.

        Keane & Bernheimer, PLLC, Hawthorne (Thomas J. Keane of
counsel), for respondent.


                    _____


Garry, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered August 4, 2014 in Ulster County, which, among other
things, granted defendant's motion for summary judgment declaring
that it had no duty to defend or indemnify plaintiffs in an
underlying action.

        Plaintiff William Harrell (hereinafter Harrell) was
operating a motor vehicle belonging to his father, plaintiff
George Birdwell, when he was involved in a collision with a
second vehicle.  Harrell's wife, Trina Harrell, who was then
pregnant with the couple's child (hereinafter the child), was a
passenger in Harrell's vehicle at the time.  Thereafter, Trina
Harrell commenced a personal injury action, individually and on

behalf of the child, against the driver of the second vehicle. Ultimately plaintiffs were also joined as defendants in that action. After defendant disclaimed coverage, plaintiffs commenced this action seeking a declaratory judgment that defendant is required to defend and indemnify them in the personal injury action under the terms of an automobile liability policy, as well as a personal liability umbrella policy maintained by Birdwell. Defendant moved for summary judgment seeking a declaration that it was not obligated to defend or indemnify plaintiffs under either of the policies, and Birdwell cross-moved for summary judgment on the complaint. Supreme Court granted defendant's motion and denied Birdwell's cross motion. Plaintiffs appeal.

Plaintiffs contend that Supreme Court erred in finding that the automobile liability policy issued by defendant unambiguously excluded coverage for injuries suffered by the child.[1] In particular, they argue that, although the policy terms operate to exclude Harrell, coverage must be provided as the language is ambiguous in application to Birdwell. It is well settled that ambiguities in such policies are resolved against the insurer, and "to 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case'" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003], quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]; see Broome County v Travelers Indem. Co., 125 AD3d 1241, 1241 [2015], lv denied 25 NY3d 908 [2015]).

As relevant here, the automobile policy states under the heading "Exclusions" that "there is no coverage for an insured: . . . 2. [f]or bodily injury to: . . . c. any other person who both resides primarily with an insured and who: (1) is related to that insured by blood, marriage or adoption." We reject

---

[1] As plaintiffs' brief is thus limited, any potential claims regarding defendant's duty to defend or indemnify plaintiffs for injuries sustained by Trina Harrell are deemed abandoned (see Wild v Hayes, 68 AD3d 1412, 1413 n 1 [2009]).

plaintiffs' contention that this language is ambiguous and should therefore be construed in their favor.  Plaintiffs concede that they both qualify as "an insured" as defined in the policy.  At the time of the accident, the child resided primarily with Harrell, who is her father.  Thus, as the child both resided primarily with an insured and is related to that insured, there is no coverage for her injuries for either plaintiff (see Pfoh v Electric Ins. Co., 14 AD3d 777, 779 [2005], lv denied 4 NY3d 711 [2005]).  This determination necessarily defeats the related claim under the umbrella policy.  Accordingly, we find no error in Supreme Court's holding that defendant was not obligated to defend or indemnify plaintiffs under either of the subject policies.

Peters, P.J., Lahtinen and Rose, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:


Robert D. Mayberger
Clerk of the Court