**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0993-20

RICHARD LEVIS,

    Plaintiff-Appellant,

v.

CITY OF HACKENSACK
and CITY OF HACKENSACK
POLICE DEPARTMENT,

    Defendants-Respondents.

_____

Submitted January 18, 2022 – Decided February 4, 2022

Before Judges Messano and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2204-20.

Caruso Smith Picini, PC, attorneys for appellant (Paul Tyshchenko, of counsel; Thomas M. Rogers, of counsel and on the briefs).

Wiss & Bouregy, PC, attorneys for respondents (Raymond R. Wiss, of counsel and on the brief; Thomas K. Bouregy, Jr., on the brief).

PER CURIAM

Plaintiff Richard Levis, a lieutenant with the City of Hackensack Police Department (HPD), appeals from two November 4, 2020 Law Division orders that dismissed his complaint for breach of contract against defendants City of Hackensack and HPD on cross-motions for summary judgment. On appeal, plaintiff maintains the motion judge erroneously interpretated the terms of the parties' September 28, 2016 settlement agreement (Agreement). We disagree and affirm.

The facts are undisputed and easily summarized from the record before the motion judge. Within a four-month timeframe in 2015, plaintiff was served with two Preliminary Notices of Disciplinary Action (PNDA), alleging various charges. In lieu of a departmental hearing, the parties resolved the charges pursuant to the terms set forth in the Agreement. In essence, plaintiff acknowledged he violated HPD's sick leave policy as charged in the April 20, 2015 PNDA and was issued a twenty-nine-working-day suspension without pay.[1]

Pertinent to this appeal, paragraph 2(c) of the Agreement provides, in full:

> Immediately upon the execution of this Agreement, [plaintiff] shall be returned to active duty with the same rank[] as [plaintiff] had prior to his

---

[1] The Agreement also provided for a reduction of the suspension to four working days if no other disciplinary charges were issued by February 28, 2017.

suspension.  It is hereby acknowledged by all parties hereto that, prior to his suspension, [plaintiff] was second on [defendants'] "Captain's List," dated April 2015.  At the earliest opportunity possible, [plaintiff] shall be promoted in accordance with his placement on [defendants'] "Captain's List" and applicable Civil Service Commission regulations.  Nothing contained herein shall be construed against [plaintiff] when he is considered for promotion to Captain.  Nor, can [defendants] use or consider the suspension referred to hereinabove or anything contained herein, or in the [PNDAs] disposed of hereby, or the facts alleged therein, or the ultimate disposition of same against him, when he is considered for promotion to Captain.

[(Emphasis added).]

Thereafter, an HPD captain retired on November 1, 2017, and a second captain retired on August 1, 2018.  In March 2019, the Commission certified a list for appointment to the position of captain.  Plaintiff remained ranked second on the list.  In April 2019, plaintiff learned the City promoted an HPD lieutenant (Lieutenant A) to fill the vacancy created by the first captain's November 2017 retirement.  Following plaintiff's inquiries, in August 2019, the City advised for the time being, it would not make further promotions to the position of captain.  Instead, the City intended to promote officers to the ranks of lieutenant and sergeant to strengthen HPD's supervisory positions.  As of the filing of this appeal, the vacancy created by the second captain's August 2019 retirement remained unfilled.

Plaintiff's ensuing complaint asserted defendants improperly: (1) promoted Lieutenant A to the first vacant position; and (2) failed to promote plaintiff "at the earliest opportunity possible." Among other remedies, plaintiff sought immediate promotion and monetary damages. In October 2020, six months after the complaint was filed, the parties cross-moved for summary judgment.[2] The parties acknowledged there was no need for further discovery and there were no material questions of fact at issue.

Immediately following argument on October 30, 2020, the motion judge issued an oral decision. Citing our decision in In re Martinez,[3] the judge swiftly rejected plaintiff's contention that defendants breached the Agreement by promoting Lieutenant A to the first vacant captain's position. The judge reasoned had the City interpreted the Agreement to promote plaintiff instead of Lieutenant A, it would have usurped Lieutenant A's rights to a promotion.

Nor was the judge persuaded that because the City had historically filled other vacant captain positions, its reasons for not doing so here were nefarious.

---

[2] In June 2020, the same judge denied defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

[3] 403 N.J. Super. 58 (App. Div. 2008).

4

Referencing our decision in <u>Reuters v. Borough of Ft. Lee</u>,[4] the judge determined when "read in tandem," the terms of the Agreement did not compel the City to fill the vacant position. Accordingly, the judge dismissed plaintiff's complaint without prejudice to plaintiff's right to present any related claims to the Commission, and future claims to the Law Division in the event the City filled the vacant captain's position.[5] This appeal followed.

In his overlapping points on appeal, plaintiff only reprises the second claim raised in his complaint, maintaining the City's refusal to promote him to the vacant captain position violated the terms of the Agreement. Plaintiff's contentions ignore the overall purpose of the Agreement and the governing legal principles.

A settlement agreement is subject to the ordinary principles of contract law. <u>Thompson v. City of Atlantic City</u>, 190 N.J. 359, 374 (2007). It is well established that "[c]ourts enforce contracts 'based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" <u>In re Cnty. of Atlantic</u>, 230 N.J. 237, 254 (2017)

---

[4] 328 N.J. Super. 547 (App. Div. 2000), <u>aff'd in part, rev'd in part</u>, 167 N.J. 38 (2001).

[5] While the parties dispute whether plaintiff can represent his claims to the Commission, they do not dispute the finality of the November 4, 2020 orders.

5

(alteration in original) (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014)). "Interpretation and construction of a contract is a matter of law for the court subject to de novo review," Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998), which "is generally appropriate to resolve . . . on summary judgment," Khandelwal v. Zurich Ins. Co., 427 N.J. Super. 577, 585 (App. Div. 2012); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 4:46-2 (2022). Thus, reviewing courts "pay no special deference to the trial court's interpretation and look at the contract with fresh eyes." Kieffer v. Best Buy, 205 N.J. 213, 223 (2011).

The purpose of the Agreement in this case was to memorialize the parties' resolution of plaintiff's disciplinary charges and the City's agreement to refrain from using the charges, plea, or suspension "against him when he is considered for promotion to Captain." Absent from the Agreement are any terms, which explicitly or implicitly promise or unconditionally guarantee the City would immediately fill a captain's position when it became vacant or promote plaintiff, without consideration of other qualified candidates.

Rather, the Agreement provided plaintiff would be promoted not only pursuant to his placement on the captain's list, but also in accordance with "applicable Civil Service Commission regulations." See Martinez, 403 N.J.

A-0993-20

Super. at 72 (recognizing a promotional agreement cannot vitiate the "rule of three" principle, which "provide[s] the appointing authority with a limited degree of discretion in the selection of a candidate for a civil service position"); see also N.J.S.A. 11A:4-8 (requiring the Commission "to certify the three eligibles who have received the highest ranking on an open competitive or promotional list against the first provisional or vacancy" and to make "a regular appointment . . . from among those eligibles").

Further, the terms of the Agreement must be read in conjunction with the general principles that apply to civil service appointments and promotions. Pursuant to our state's constitution, those "[a]ppointments and promotions shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive." N.J. Const. art. VII, § 1, ¶ 2. In turn, N.J.A.C. 4A:4-3.1(a)(2) permits promotional eligible lists, "which shall include permanent employees who meet qualification requirements." Thus, the civil service promotional system seeks to emphasize "merit considerations," and is "intended to guarantee the appointing authority an opportunity to exercise minimal discretion in the selection of particular employees." In re Crowley, 193 N.J. Super. 197, 210 (App. Div. 1984).

However, "a person who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment." Ibid. "The only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list." Ibid. "'[T]he best that can be said' of a candidate on an eligible list is that he has 'a right to be considered for appointment.'" In re Foglio, 207 N.J. 38, 44 (2011) (alteration in original) (quoting Nunan v. N.J. Dep't of Pers., 244 N.J. Super. 494, 497 (App. Div. 1990)).

Not surprisingly, plaintiff cites no authority for his contention that the City must fill its vacancies when they arise, and we have found no such precedent. We therefore conclude, as did the motion judge, when the terms of the Agreement are read in conjunction with the Agreement's underlying purpose, the phrase "[a]t the earliest opportunity possible" neither requires the City to promote plaintiff nor immediately fill the vacancy. To conclude otherwise would contravene well-established civil service legal principles.

To the extent not addressed, plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0993-20