NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3175-21

MARK J. NAUGHTON,

    Plaintiff-Appellant,

v.

COUNTY OF CAMDEN and
THE CAMDEN COUNTY
POLICE DEPARTMENT,

    Defendants-Respondents.

---

Submitted January 17, 2024 – Decided April 16, 2024

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1723-21.

Jacobs & Barbone, PA, attorneys for appellant (Louis Michael Barbone, on the brief).

Office of Camden County Counsel, attorneys for respondents (Howard Goldberg, First Assistant County Counsel, and Krista Ayn Schmid, Assistant County Counsel, on the brief).

PER CURIAM

Plaintiff Mark J. Naughton, formerly employed by the County of Camden as an officer with the Camden County Police Department (collectively, defendants), appeals from a May 13, 2022 Law Division order dismissing his breach of contract complaint on summary judgment. On appeal, plaintiff argues the motion judge erroneously determined the parties modified their settlement agreement, and enforcement of the agreement would violate public policy. Because we conclude, as did the motion judge, defendants must prevail as a matter of law, we affirm. But we do so for slightly different reasons than those articulated by the judge in his written decision. See T.B. v. Novia, 472 N.J. Super. 80, 93 (App. Div. 2022) (stating that because "appeals are taken from orders and judgments, not a trial judge's statement of reasons or written decisions," appellate courts can affirm summary judgment orders for reasons other than those expressed by the motion court); see also Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001).

I.

We summarize the pertinent facts and procedural history from the motion record in a light most favorable to plaintiff as the non-moving party. See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Less than two years after he commenced employment with defendants, plaintiff was

served with a Preliminary Notice of Disciplinary Action (PNDA) seeking his removal for disciplinary charges, which are not disclosed in the record. In lieu of a departmental hearing, the parties resolved the charges pursuant to the terms set forth in their 2015 "Settlement Agreement and Release" (Agreement).

In paragraphs one and two of the Agreement, plaintiff agreed to resign, effective February 28, 2015, and refrain from seeking future employment with defendants. In exchange, under paragraph three, defendants "agree[d] to accept [plaintiff]'s resignation in good standing." Further, pursuant to paragraph four, defendants "agree[d] if contacted regarding [plaintiff]'s employment, the prospective employer will be told [plaintiff] resigned in good standing and was employed from April 8, 2013 to February 28, 2015. No other information either orally or physically shall be released except as may be required by law." Both parties also agreed under paragraph nine that the "Agreement cannot be modified or amended except by written instrument executed by all the Parties to [the Agreement]."

Between June 2017 and October 2018, plaintiff applied for employment with three law enforcement agencies: Atlantic County Sheriff's Department (ACSD), New Jersey State Police (NJSP), and New Jersey State Parole Board (NJSPB) (collectively, agencies). As part of the application process for each

3

agency, plaintiff executed a general request for information, which included broad releases from all claims arising from the disclosure of the information sought.

On June 1, 2017, plaintiff executed the ACSD's release authorization to, among other entities, all "employers" and "all governmental Agencies – Federal, State, and Local, without exception." The release provides, in pertinent part:

> I, Mark Naughton, authorize the [ACSD] to conduct <u>a full pre-employment investigation into my background and activities</u>.
>
> Therefore, <u>you are hereby authorized to release any and all information pertaining to me, documentary or otherwise</u>, as requested by an employee or agent of the [ACSD] provided that he or she certifies to you that I have an application pending before Atlantic County for employment. In addition, <u>I hereby release you</u> . . . <u>from and against any claims that I might have arising out of your disclosure of the aforementioned information to the [ACSD]</u> or any subsequent disclosure by the [ACSD] of such information.
>
> [(Emphasis added).]

The following month, on July 1, 2017, plaintiff executed NJSP's release authorization "TO WHOM IT MAY CONCERN," which provides in pertinent part:

> I, Mark Naughton, am making application for appointment to the [NJSP] Training Academy. As a

result, an investigation is being conducted to determine my eligibility.

> Therefore, I do hereby authorize a review and full disclosure of all records, including my credit report, Internal Revenue Service records, or any part thereof, to any duly authorized agent of the [NJSP], whether the records are public or private, and including those records which may be deemed to be of a privileged or confidential nature. The intent of this authorization is to provide information which will be utilized for investigative resource material.

> I also acknowledge and give permission for the [NJSP] to conduct a background investigation, and further acknowledge I will not be informed of any information developed through this investigation, whether I am accepted or rejected from this position.

> I hereby release the State of New Jersey, the Division of State Police, and its agents, servants, and employees from liability or damages that may result from furnishing the information requested, including any liability or damage pursuant to any state or federal laws. . . .

[(Emphasis added).]

More than one year later, on October 9, 2018, plaintiff executed the NJSPB's release authorization to, among others, any county law enforcement agency. The release provides, in pertinent part:

> I, Mark James Naughton have applied for employment with the [NJSPB] as a law enforcement officer. I am aware that my entire background will be thoroughly investigated. I hereby request and authorize

5

the release of any and all information you have that pertains to me, including academic transcripts, personnel files, performance reviews, and disciplinary matters, to investigators of the [NJSPB].

I hereby release the organization and all others from liability or damages that may result from furnishing the information requested, including any liability or damages pursuant to any State or Federal laws. . . .

[(Emphasis added).]

We glean from the record during their background investigations, the agencies provided the release authorizations to defendants. In turn, defendants released information pertaining to the disciplinary charges encompassed by the Agreement. Apparently, none of the agencies hired plaintiff.

In his ensuing complaint, plaintiff asserted defendants breached the terms of the Agreement by disclosing to plaintiff's unspecified "prospective employers" "all information" concerning "[p]laintiff's employment history including, but not limited to, the very charges that precipitated the Agreement." Prior to answering the complaint, defense counsel provided to plaintiff's counsel plaintiff's signed release authorizations from each of the agencies and sought dismissal of the complaint. The following month, defense counsel demanded dismissal of the complaint, asserting a frivolous litigation claim under Rule 1:4-

8 and N.J.S.A. 2A:15-59.1. Defendants answered, asserted various defenses, and thereafter moved for summary judgment.

Following oral argument, the motion judge issued a written statement of reasons, granting defendants' motion. Citing general contract principles and noting the authorizations went "far beyond requesting a confirmation of employment," the judge reasoned the three releases superseded or modified the Agreement. The judge further found withholding plaintiff's disciplinary records in view of his releases would violate public policy. The judge elaborated:

> It would be a violation of public policy to permit plaintiff to authorize the release of all employment records, which would include disciplinary records, and then expect [defendants] to withhold information once plaintiff executed the release. Such a position would essentially sanction a fraud upon [the agencies] and the citizens of New Jersey.

This appeal followed.

## II.

We review the trial court's grant of summary judgment de novo. Conforti v. County of Ocean, 255 N.J. 142, 162 (2023). Employing the same standard as the trial court, we review the record to determine whether there are material factual disputes and, if not, whether the undisputed facts viewed in the light most favorable to plaintiff, as the non-moving party, nonetheless entitle plaintiff

to judgment as a matter of law.  See Samolyk v. Berthe, 251 N.J. 73, 78 (2022); Brill, 142 N.J. at 540; see also R. 4:46-2(c).  We owe no deference to the trial court's legal analysis or interpretation of a statute.  Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017).

A settlement agreement is subject to ordinary principles of contract law. Thompson v. City of Atlantic City, 190 N.J. 359, 374 (2007).  It is well established that "[c]ourts enforce contracts 'based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'"  In re County of Atlantic, 230 N.J. 237, 254 (2017) (alteration in original) (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014)).  "Interpretation and construction of a contract is a matter of law for the court subject to de novo review," Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998), which "is generally appropriate to resolve . . . on summary judgment," Khandelwal v. Zurich Ins. Co., 427 N.J. Super. 577, 585 (App. Div. 2012); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 4:46-2 (2024).  Thus, reviewing courts "pay no special deference to the trial court's interpretation and look at the contract with fresh eyes." Kieffer v. Best Buy, 205 N.J. 213, 223 (2011).

After forming the contract, the parties "may, by mutual assent, modify it." County of Morris v. Fauver, 153 N.J. 80, 99 (1998). "A contract modification is 'a change in one or more respects which introduces new elements into the details of a contract and cancels others but leaves the general purpose and effect undisturbed.'" Wells Reit II-80 Park Plaza, LLC v. Dir., Div. of Tax'n, 414 N.J. Super. 453, 466 (App. Div. 2010) (quoting Int'l Bus. Lists, Inc. v. Am. Tel. & Tel. Co., 147 F.3d 636, 641 (7th Cir.1998)).

"A modification can be proved by 'an explicit agreement to modify or by the actions and conduct of the parties as long as the intention to modify is mutual and clear.'" Ibid. (quoting DeAngelis v. Rose, 320 N.J. Super. 263, 280 (App. Div. 1999)); see also Fauver, 153 N.J. at 99. However, an agreement to modify a contract "must be based upon new or additional consideration." Fauver, 153 N.J. at 100. The consideration need not be significant; whatever consideration the parties agree upon is sufficient. See Oscar v. Simeonidis, 352 N.J. Super. 476, 485 (App. Div. 2002).

"[A] release is merely a form of contract and the general rules that apply to contract interpretation apply to releases." Sweeney v. Sweeney, 405 N.J. Super. 586, 597 (App. Div. 2009) (alteration in original) (quoting Domanske v. Rapid-American Corp., 330 N.J. Super. 241, 246 (App. Div. 2000)). Generally,

a release is binding unless shown to be the product of "fraud, misrepresentation[,] or overreaching by the releasee." Raroha v. Earle Fin. Corp., 47 N.J. 229, 234 (1966).

Further, "[a] waiver is an intentional relinquishment of a known right or privilege." State v. Scherzer, 301 N.J. Super. 363, 449 (App. Div. 1997) (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). It is beyond peradventure that "[a] party may waive any provision, either of a contract or of a statute, intended for his benefit." Shutte v. Thompson, 82 U.S. 151, 159 (1872).

"To prevail on a breach of contract claim, a party must prove a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustain[] damages." EnviroFinance Grp., LLC v. Env't Barrier Co., 440 N.J. Super. 325, 345 (App. Div. 2015). The burden of establishing a breach of contract rests with the party who asserts the breach. Nolan v. Control Data Corp., 243 N.J. Super. 420, 438 (App. Div. 1990).

III.

With these legal principles in view, we consider whether defendants breached the Agreement. Preliminarily, in view of the "express terms" embodied in paragraph nine, see In re County of Atlantic, 230 N.J. at 254, the

agencies' releases technically did not modify the Agreement, as the motion judge ultimately found. Those terms prohibited modification or amendment "except by written instrument executed by 'all' parties to the Agreement." Although the agencies' releases were signed by plaintiff and provided to defendants, the releases were not signed by "all" parties. Nor is there any evidence to suggest the parties otherwise executed a document modifying the Agreement.

But that does not end our inquiry. All three releases expressly state plaintiff sought employment as a law enforcement officer and authorized the agencies to conduct a full background investigation in connection with his applications. Although not dispositive to our analysis, two of the three releases also relieved defendants from liability for providing the information plaintiff sought.

By executing the releases, we are persuaded plaintiff waived for his benefit, see Shutte, 82 U.S. at 159, those provisions of the Agreement that limited the information defendants could relay to prospective employers. Defendants not only had the right to rely on the agencies' requests as authorization to furnish any and all information relating to plaintiff, but doing so was consonant with public policy, as the motion judge found. See Saxon Constr. & Mgmt. Corp. v. Masterclean of N. Carolina, 273 N.J. Super. 231, 236

11

(App. Div. 1994); see also Marcinczyk v. N.J Police Training Comm'n, 203 N.J. 586, 596 (2010) ("'An agreement is against public policy if it is injurious to the interest of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or . . . is at war with the interests of society and is in conflict with public morals.' . . . [C]ontractual provisions that tend to injure the public in some way will not be enforced.") (first alteration in original) (first quoting Frank Briscoe Co. v. Travelers Indem. Co., 65 F. Supp. 2d 285, 312 (D.N.J. 1999); and then citing Henningsen v. Bloomfield, 32 N.J. 358, 403-04 (1960)).

Because defendant sought employment with law enforcement agencies, with full recognition that the agencies would conduct complete background investigations, we conclude defendants did not breach the Agreement and summary judgment was properly granted. To the extent not addressed, plaintiff's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12